## HALCYON LINES ET AL. *v.* HAENN SHIP CEILING & REFITTING CORP.

NO. 62.

Argued November 27, 1951.—Decided January 14, 1952.

*Joseph W. Henderson* argued the cause for the Halcyon Lines et al. With him on the briefs were *Thomas F. Mount* and *George M. Brodhead.*

*Thomas E. Byrne, Jr.* argued the cause for the Haenn Ship Ceiling & Refitting Corporation. With him on the briefs was *John B. Shaw.*

Mr. Justice Black delivered the opinion of the Court.

Halcyon Lines [1] hired the Haenn Ship Ceiling and Refitting Corporation [2] to make repairs on Halcyon's ship which was moored in navigable waters. Salvador Baccile, an employee of Haenn, was injured aboard ship while engaged in making these repairs. Alleging that his injuries were caused by Halcyon's negligence and the unseaworthiness of its vessel, he brought this action for damages against Halcyon in the United States District Court. On the ground that Haenn's negligence had contributed to the injuries, Halcyon brought Haenn in as a third-party defendant. By agreement of all parties, a $65,000 judgment was rendered for Baccile and paid by Halcyon. Despite Haenn's protest, the district judge allowed the introduction of evidence tending to show the relative degree of fault of the two parties. On this evidence the jury returned a special verdict finding Haenn 75% and Halcyon 25% responsible. The district judge refused to follow this jury determination and entered judgment in accordance with his conclusion that there was a general rule governing maritime torts such as this under which each joint tortfeasor must pay half the damages. 89 F. Supp. 765. The Court of Appeals agreed that a right of contribution existed in this case but held that it could not exceed the amount Haenn would have been compelled to pay Baccile had he elected to claim compensation under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U. S. C. § 901 et seq. 187 F. 2d 403. We granted certiorari because of the conflicting views taken by the circuits as to

---

[1] Halcyon Lines refers to Halcyon Lines and Vinke & Co., two corporate joint owners and operators of the ship here involved. Halcyon is petitioner in No. 62 and the respondent in No. 197.

[2] Haenn is the petitioner in No. 197 and the respondent in No. 62.

the existence of and the extent to which contribution can be obtained in cases such as this.[3] 342 U. S. 809.

Where two vessels collide due to the fault of both, it is established admiralty doctrine that the mutual wrong-doers shall share equally the damages sustained by each, as well as personal injury and property damage inflicted on innocent third parties. This maritime rule is of ancient origin and has been applied in many cases,[4] but this Court has never expressly applied it to non-collision cases.[5] Halcyon now urges us to extend it to non-collision cases and to allow a contribution here based upon the relative degree of fault of Halcyon and Haenn as found by the jury. Haenn urges us to hold that there is no right of contribution, or in the alternative, that the right be based upon an equal division of all damages. Both parties claim that the decision below limiting an employer's liability for contribution to those uncertain amounts recoverable under the Harbor Workers' Act is impractical and undesirable.

---

[3] American Mutual Insurance Co. v. Matthews, 182 F. 2d 322; United States v. Rothschild International Stevedoring Co., 183 F. 2d 181. See also Slattery v. Marra Bros:, Inc., 186 F. 2d 134; Spaulding v. Parry Navigation Co., 187 F. 2d 257; Hitaffer v. Argonne Co., 87 U. S. App. D. C. 57, 183 F. 2d 811.

[4] The North Star, 106 U. S. 17, 21, traces the doctrine back to the Rules of Oleron and the laws of Wisbuy. See also, The Washington, 9 Wall. 513; The Alabama, 92 U. S. 695; The Atlas, 93 U. S. 302; The Chattahoochee, 173 U. S. 540, 551–555.

[5] American Stevedores, Inc. v. Porello, 330 U. S. 446, recognized that some lower federal courts had applied the equal-division rule of contribution in non-collision cases. The opinion in that case implied that on remand and under certain contingencies the district court would "be free to adjudge the responsibility of the parties" in accordance with the contribution rule announced by the lower federal courts. That statement was only incidental as compared to the important questions there decided and cannot be taken as foreclosing a full consideration and determination of the issue which is now directly presented and crucial to our decision.

In the absence of legislation, courts exercising a common-law jurisdiction have generally held that they cannot on their own initiative create an enforceable right of contribution as between joint tortfeasors.[6] This judicial attitude has provoked protest on the ground that it is inequitable to compel one tortfeasor to bear the entire burden of a loss which has been caused in part by the negligence of someone else.[7] Others have defended the policy of common-law courts in refusing to fashion rules of contribution.[8] To some extent courts exercising jurisdiction in maritime affairs have felt freer than common-law courts in fashioning rules,[9] and we would feel free to do so here if wholly convinced that it would best serve the ends of justice.

We have concluded that it would be unwise to attempt to fashion new judicial rules of contribution and that the solution of this problem should await congressional action. Congress has already enacted much legislation in the area of maritime personal injuries.[10] For example, under the Harbor Workers' Act Congress has made fault unimportant in determining the employer's responsibility to his employee; Congress has made further inroads on

---

[6] *Union Stock Yards Co.* v. *Chicago, B. & Q. R. Co.*, 196 U. S. 217, 224. And see cases collected in 3 A. L. R. Digest, pp. 864–866, and in Prosser on Torts (1941), p. 1113.

[7] See *e. g.*, Gregory, Contribution Among Joint Tortfeasors: A Defense, 54 Harv. L. Rev. 1170.

[8] *George's Radio, Inc.* v. *Capital Transit Co.*, 75 U. S. App. D. C. 187, 191, 126 F. 2d 219, 223, dissenting opinion. See also James, Contribution Among Joint Tortfeasors: A Pragmatic Criticism, 54 Harv. L. Rev. 1156.

[9] *Swift & Co.* v. *Compania Colombiana del Caribe*, 339 U. S. 684, 690, 691. Compare *The Lottawanna*, 21 Wall. 558.

[10] See *e. g.*, The Jones Act (41 Stat. 1007, 46 U. S. C. § 688), the Public Vessels Act (43 Stat. 1112, 46 U. S. C. §§ 781–790), and the Longshoremen's and Harbor Workers' Compensation Act (44 Stat. 1424, 33 U. S. C. § 901 *et seq.*).

traditional court law by abolition of the defenses of contributory negligence and assumption of risk and by the creation of a statutory schedule of compensation. The Harbor Workers' Act in turn must be integrated with other acts such as the Jones Act (41 Stat. 1007, 46 U. S. C. § 688), the Public Vessels Act (43 Stat. 1112, 46 U. S. C. §§ 781–790), the Limited Liability Act (R. S. § 4281, as amended, 46 U.-S. C. § 181 *et seq.*) and the Harter Act (27 Stat. 445, 46 U. S. C. §§ 190–195). Many groups of persons with varying interests are vitally concerned with the proper functioning and administration of all these Acts as an integrated whole. We think that legislative consideration and action can best bring about a fair accommodation of the diverse but related interests of these groups. The legislative process is peculiarly adapted to determine which of the many possible solutions to this problem would be most beneficial in the long run. A legislative inquiry might show that neither carriers, shippers, employees, nor casualty insurance companies desire such a change to be made. The record before us is silent as to the wishes of employees, carriers, and shippers; it only shows that the Halcyon Line is in favor of such a change in order to relieve itself of a part of its burden in this particular lawsuit. Apparently insurance companies are opposed to such a change.[11] Should a legislative inquiry convince Congress that a right to contribution among joint tortfeasors is desirable, there would still be much doubt as to whether application of the rule or the amount of contribution should be limited by the Harbor Workers' Act,[12] or should be based on an equal divi-

---

[11] Gregory, *supra,* n. 7, p. 1177. James, *supra,* n. 8, pp. 1179–1180.

[12] Section 5 of the Act provides that "The liability of an employer prescribed in section 4 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in

sion of damages, or should be relatively apportioned in accordance with the degree of fault of the parties.

In view of the foregoing, and because Congress while acting in the field has stopped short of approving the rule of contribution here urged, we think it would be inappropriate for us to do so. The judgments of the Court of Appeals are reversed and the cause is remanded to the District Court with instructions to dismiss the contribution proceedings against Haenn.

*It is so ordered.*

MR. JUSTICE REED and MR. JUSTICE BURTON would reverse with directions to the District Court to allow contributions equal to fifty per cent of the judgment recovered by Baccile against Halcyon.

---

admiralty on account of such injury or death, . . . ." Haenn argues that this section provides the employer's exclusive liability thereby preventing a third party from having any right of contribution against an employer under the Act in cases where the joint negligence of a third party and the employer injure an employee covered by the Act. We find it unnecessary to decide this question which is treated by the cases cited in n. 3, *supra.*