**AMERICAN PRESIDENT LINES, LTD., a corporation, Plaintiff,**

v.

**MARINE TERMINALS CORP., a corporation, Defendant.**

**No. 34067.**

United States District Court
N. D. California, S. D.
July 12, 1955.

See, also, D.C., 128 F.Supp. 603.

Lillick, Geary, Olson, Adams & Charles, Edwin L. Gerhardt, Gordon L. Poole, San Francisco, Cal., for plaintiff.

Boyd & Taylor, San Francisco, Cal., for defendant.

ROCHE, Chief Judge.

This is an action for indemnity in the amount of $67,563. Jurisdiction of this court is founded upon the provisions of 28 United States Code § 1332. The facts of this case are as follows:

On January 29, 1952, plaintiff's vessel, President Polk, was in San Francisco, and pursuant to a written stevedoring contract the defendant went aboard the vessel for the purpose of discharging the ship's cargo. The contract contained no agreement, covenant or language of indemnity. This fact is undisputed.

American President Lines has conceded there was a missing locking device on the No. 2 king strongback in the lower 'tween deck hatch.

During unloading operations the defective strongback was dislodged by the bridle and hook manipulated by the winch driver, and fell into the lower hold causing personal injuries to Mr. Williams, a stevedore. The operation of the winch bridle and hook was in the usual and customary manner, and the winch driver was free of negligence. The evidence reveals that it is the duty of the shipowner to repair and maintain the locking devices.

An action was brought by the injured man, Williams, against American President Lines. No tender of defense of the action in the State Court was made by the American President Lines to the Marine Terminals Corporation. Further, no third party or indemnity action was filed. In settlement of Mr. Williams' claim American President Lines paid him $62,500.

The question for decision is whether a recovery for indemnity may be had by the American President Lines, the shipowner, against Marine Terminals.

The shipowner's position is that its negligence was passive, and that the proximate cause of Williams' injury was the negligence of Marine Terminals. This contention is based on the fact that the evidence shows that the gang boss and the gang steward knew that the hatch beam was defective when the work began. Therefore it is argued the subsequent damages were due to defendant's independent acts of negligence, supervening in time, in violation of all the safety rules. Plaintiff's brief states that defendant "had the last clear chance to avoid this accident."

If this court had merely the problem of equating the relative liability as between two tort feasors its task would be simple. The evidence clearly shows that plaintiff's negligence was passive, and that defendant continued its work with knowledge of the dangerous condition. Therefore defendant's share of responsi-

bility would be greater for the damages which ensued.

However, this case is governed by the decision of the Supreme Court in Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 280, 96 L.Ed. 318. In that case the Supreme Court considered whether it would create an enforceable right of contribution as between joint tort feasors, and stated, "we would feel free to do so here if wholly convinced that it would best serve the ends of justice." The conclusion reached was "that it would be unwise to attempt to fashion new judicial rules of contribution and that the solution of this problem should await congressional action."

The court stated in its opinion that certiorari was granted, 342 U.S. 809, 72 S. Ct. 29, 96 L.Ed. 612, because of the conflicting views taken by the circuits as to the existence of and the extent to whch contribution can be obtained in cases such as this. It then cited as cases under consideration American Mutual Insurance Co. v. Matthews, 2 Cir., 182 F.2d 322, and United States v. Rothschild International Stevedoring Co., 9 Cir., 183 F.2d 181. It is this court's view that if the instant case were decided under the rule of law enunciated in United States v. Rothschild International Stevedoring Co., supra, that plaintiff would be entitled to indemnity. However, the Supreme Court has declared the rule which this court is bound to follow. Under this rule plaintiff must be denied recovery.

The case of States S.S. Co. v. Rothschild International Stevedoring Co., 9 Cir., 205 F.2d 253, indicates the exception to the general rule enunciated by the Supreme Court. That is the situation where the shipowner is liable without fault as a result of another's acts. Indemnity, other than as provided by contract, is allowable where the shipowner is liable *only* because of its nondelegable duty to furnish a stevedore a seaworthy ship and a safe place in which to work under the doctrine of Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S. Ct. 872, 90 L.Ed. 1099, a species of absolute liability regardless of fault. The shipowner in the instant case was not liable without fault for he admittedly supplied a beam with a defective locking device. As such, this negligence jointly concurred with the Stevedoring Company's negligence resulting in the ensuing accident. If plaintiff were allowed recovery in this case it would be on basis of contribution rather than on a true indemnity theory.

In accord with Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., supra, and the above opinion,

It is ordered that judgment be entered herein, upon findings of fact and conclusions of law in favor of the defendant. The respective parties to pay their own costs.