Walter TRYGSTAD, Plaintiff,

v.

STATES MARINE CORPORATION, a corporation, Defendant.

STATES MARINE CORPORATION, a corporation, Third Party Plaintiff,

v.

BRADY–HAMILTON STEVEDORE CO., a corporation, Third Party Defendant.

Civ. No. 8185.

United States District Court
D. Oregon.

Feb. 15, 1957.

Supplemental Opinion March 13, 1957.

Berkeley Lent and Peterson & Pozzi, Portland, Or., for plaintiff.

White, Sutherland & Parks, Portland, Or., for defendant and third party plaintiff.

Wood, Matthiessen, Wood & Tatum, Portland, Or., for third party defendant.

EAST, District Judge.

The plaintiff above named originally instituted this action in the Circuit Court of the State of Oregon for Multnomah County, on July 6, 1955. Upon petition of the defendant the cause was removed to this Court and this Court has jurisdiction pursuant to provisions of Title 28 U.S.C.A. § 1441.

That the defendant during all of the pertinent times, as a bare boat charterer and operator of the vessel S. S. Hoosier State, was the owner pro hac vice of the vessel. On or about January 2, 1955, said vessel was lying at a terminal at the Port of Portland, Oregon, and at said time and place the plaintiff was aboard employed by Brady-Hamilton Stevedore Co., a corporation, the third party defendant, master stevedore, as a longshoreman aboard said vessel, and while this plaintiff was equalizing a working guy in the course of rigging a boom, a preventer wire suddenly and unexpectedly broke, striking the plaintiff in the head and face and causing him personal injuries.

On January 27, 1956, the defendant filed a third party complaint herein nam-

ing the aforesaid Brady-Hamilton Stevedore Co., a corporation, as master stevedore aforesaid, a third party defendant herein, seeking the relief by way of indemnification of any recovery had by the plaintiff herein.

No pre-trial order was entered and the issues were finally submitted upon the pleadings. At the suggestion of the Court, acquiesced in by all of the parties, the issues of defendant's liability to the plaintiff and amount of recovery, if any, on one hand, and the issues between the third party plaintiff and third party defendant as to indemnification or contribution, as the case may be, on the other hand, were segregated. The issues aforesaid between the plaintiff and defendant were tried to the Court and a jury, and the issues between the third party plaintiff and third party defendant were tried to the Court without a jury, it being agreed that the Court should have the benefit of the testimony and evidence offered in the two phases, respectively.

The following contentions of plaintiff as to negligence on the part of the defendant and the unseaworthiness of the said vessel were submitted to the jury pursuant to the Court's instructions, viz.

 1. That said vessel was unseaworthy in that a defective worn and rusted preventer wire was on said boom;

 2. That said defendant corporation was negligent in failing to have an adequate and non-defective preventer on said boom at said hatch;

 3. Said defendant corporation was negligent in failing to properly inspect the gear aboard said vessel and particularly said preventer wire, prior to said accident;

 4. That said defendant corporation was negligent in failing to provide this plaintiff with a safe place in which to work aforesaid.

The defendant's contentions, as submitted to the jury, consisted of a general denial of plaintiff's contentions, and the affirmative defense of alleged contributory negligence on the part of plaintiff.

The third party plaintiff contends that the third party defendant, prior to plaintiff's accident, had taken over the exclusive control and operation of the vessel's boom, winches, lines and gear and after the tacit promise of the third party defendant to the third party plaintiff and written express promise to the United States of America that it would so use and operate such boom, winches, lines and gear in a workmanlike and safe manner, and that the third party defendant breached these aforesaid agreements and duties by controlling and operating the vessel's booms, winches, lines and gear in the vessel's No. 2 hatch in a non-workmanlike and unsafe and negligent manner in some 11 particulars, which may be generalized in a contention that in rigging the boom for loading operations and in the process of equalizing the preventer wire with the working guy, the third party defendant negligently exerted sudden and excessive strain, while operating a power winch, upon the preventer wire of such boom, causing the same to part and inflict plaintiff's injuries.

The third party defendant generally denied these contentions.

■ In dealing with the question as to whether or not the third party plaintiff is entitled to either contribution or indemnity from or by third party defendant, we must accept as a major premise that the defendant, insofar as maintaining a seaworthy vessel for the plaintiff and its duties not to be negligent towards the plaintiff, was culpable with reference to plaintiff's accident and resulting injuries. The jury found by the verdict that the vessel was either unseaworthy or that defendant was negligent towards the plaintiff in the particulars contended or both. This verdict is binding upon the parties and this Court and the Court has heretofore ruled that no error was committed during the course of trial and that the verdict and judgment entered thereon should stand.

■ Dealing with the matter of the unseaworthy vessel, it is legion the ship-

owner owed the libelant stevedore the absolute and non-delegable duty to furnish him with a seaworthy ship. Seas Shipping Company v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Pope & Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143. In Sieracki the shipowner's duty to furnish a seaworthy ship was described as "a species of liability without fault." If such unseaworthy condition on the vessel was created solely by the negligence of the *stevedore employer* (emphasis supplied) the shipowner would be entitled to indemnity from the stevedore for the technical breach of its duty of seaworthiness caused by the stevedore.

██ In determining whether or not the third party defendant, stevedore, through its negligence created the unseaworthiness of the vessel, we are met with the fact that it owed no duty, either contractual or otherwise, to make an unseaworthy vessel seaworthy, or, putting it in other words, performing the shipowner's undelegable duty aforesaid. The third party defendant, stevedore, was to use gear furnished by the shipowner and the record is absolutely free of any evidence that would in anywise tend to show that the third party defendant, stevedore, had any notice or reasonable grounds to believe or ascertain that the preventer wire was defective. So, in the language of the Sieracki case, any unseaworthy condition of the vessel was not created solely by the negligence of the third party defendant, stevedore, and therefore the shipowner would not be entitled to indemnity.

██ Now, turning to the question as to whether or not the third party plaintiff is entitled to contribution in which this action really sounds. From the evidence presented in this case, the Court is of the opinion that the preventer wire was a defective wire which, by reasonable inspection on the part of the shipowner, could have been discovered, and that the shipowner was negligent towards the plaintiff in causing his injury. The Court will assume for the sake of argument, that the third party defendant, through its agents, was likewise negligent towards the plaintiff in the rigging of the gear as aforesaid and by an excessive strain upon the weakened preventer wire, and thereby became a tort feasor jointly with the shipowner so far as plaintiff's injuries are concerned.

██ The case of Halcyon Lines v. Haenn Ship Ceiling and Refitting Corporation, 1952, 342 U.S. 282, at page 285, 72 S.Ct. 277, at page 280, 96 L.Ed. 318, settled the conflict in the law in several circuits and laid down the rule and doctrine that regardless of the degrees of culpability between the tort feasors, no contribution is permitted or allowable in admiralty in non-collision cases, saying:

> "We have concluded that it would be unwise to attempt to fashion new judicial rules of contribution and that the solution of this problem should await congressional action."

In Union Sulphur & Oil Corp. v. W. J. Jones & Son, 9 Cir., 1952, 195 F.2d 93, 94, as in the instant case, indemnity or contribution was sought where negligence of both shipowner and stevedore concurred. The recovery was denied on the basis of Halcyon, supra. In that case the vessel's ladder was unseaworthy because of a defective weld and the stevedore placed excessive strains upon the ladder. In that case the Court said:

> "We agree with the district court [District of Oregon] that upon the facts proven the court properly found that the negligence of Union Sulphur and Jones, Inc., jointly caused the injury to Marshall. * *

> "The case is governed by the decisions of the Supreme Court in Halcyon, supra * * * *".

Therefore, this Court concludes that the third party plaintiff is entitled to no relief either by way of indemnification or contribution from the third party defendant.

Counsel for third party defendant is requested to submit appropriate Findings, Conclusions and Decree in conformity with the foregoing on or before March 1, 1957, and settlement of Find-

**560**

ings is set for hearing at 2 P. M., Monday, March 11, 1957.

### Supplemental Opinion

This matter came on for further hearing upon the Third Party Plaintiff's (Ship owner) objection to proposed Findings of Fact and Conclusions of Law submitted by the Third Party Defendant (Stevedore) pursuant to the Court's opinion herein under date of February 15, 1957.

The shipowner insists that the Court failed to deal with its contention for indemnity over to Stevedore by reason of the Stevedore's alleged breach of its implied warranty under its contractual obligation to perform its stevedoring labor aboard the vessel in a safe and workmanlike manner.

The shipowner cites Ryan Stevedoring Co., Inc., v. Pan-Atlantic Steamship Corp. (Ryan case) 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, 146; American President Lines v. Marine Terminals Corp. (American case) 9 Cir., 1956, 234 F.2d 753, 756; Hagans v. Farrell Lines, 3 Cir., 1956, 237 F.2d 477.

We find that the Ryan case is cited for the general proposition that in proper cases the right of indemnity by the stevedore to a shipowner was not barred by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and the case indicates that the shipowner is entitled to indemnity where the stevedore's unworkmanlike performance of its stevedoring labor is the sole cause of rendering the vessel unseaworthy which unseaworthiness is the ultimate proximate cause of the seaman's injury. And, further, indicates that the shipowner's negligence, if any, in failing to discover the stevedore's negligence in causing the ship to be unseaworthy was passive and not active in producing the ultimate proximate cause of the resulting injury.

The American case fully discusses the Ryan case and points up the foregoing indications by the following language [234 F.2d 759]:

"The record shows that the negligence of the shipowner and the unseaworthiness of its ship were passive and secondary forces in causing the injury to Williams, and that the breach of obligation by Marine [stevedore] was the sole active or primary conduct causing the injury."

and, further, placed its allowance of indemnity in the following language:

" * * * for in the case at bar, as in Ryan, it was the stevedore's breach of duty that created the danger and made it an active condition with immediately foreseeable consequences of personal injury."

The Hagans case further analyzes the Ryan case and further extends the American case by disallowing indemnity to the shipowner from the stevedore where the jury answer "yes" to the following interrogatory [237 F.2d 480]:

" 'Were the plaintiff's injuries caused by the concurring negligence of those in charge of the vessel or the unseaworthiness of the vessel and the employees of Lavino Shipping Company?' "

The Court concludes that:

"Here, the ground upon which Farrell [shipowner] was held liable to Hagans was its own doing; as between Farrell and Lavino [stevedore], Farrell had assumed the responsibility. If anything, Lavino only contributed to the happening of the accident. But if Lavino failed to perform its work properly, we are constrained to hold that, in the face of mutual violations, Farrell is not entitled to full indemnity, and, of course, it cannot have contribution."

We must again bear in mind that the jury in the instant case found the shipowner either guilty of negligence or that its ship was unseaworthy through its own acts which produced the proximate cause of the plaintiff's injuries. For the same reason stated in connection with this Court's consideration of the is-

sue of contribution between joint tort feasors this Court concludes it is unnecessary to decide whether or not the stevedore was concurrently negligent towards the plaintiff's injury. We may assume that the stevedore was negligent which concurred in producing the proximate cause of plaintiff's injuries, nevertheless under the doctrine of the Hagans case the shipowner has no remedy of indemnification on its theory of alleged breach of contractual warranty by the stevedore.

For these reasons the shipowner's objections and proposed Findings of Fact and Conclusions of Law are rejected.