**Jasper KING**

**v.**

**WATERMAN STEAMSHIP CORPORATION, Defendant and Third-Party Plaintiff, Appellant (Dugan & McNamara, Inc., Third-Party Defendant, Appellee).**

**No. 12537.**

United States Court of Appeals
Third Circuit.

Argued June 10, 1958.

Reargued Dec. 1, 1958 and Oct. 5, 1959.

Decided Nov. 17, 1959.

Biggs, Chief Judge, and Goodrich and McLaughlin, Circuit Judges, dissented.

Harrison G. Kildare, Philadelphia, Pa., (Rawle & Henderson, Thomas F. Mount, Philadelphia, Pa., on the brief), for appellant.

George E. Beechwood, Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and GOODRICH, McLAUGHLIN, KALODNER, STALEY, HASTIE and FORMAN, Circuit Judges.

HASTIE, Circuit Judge.

This is an appeal by a third-party plaintiff from a decision that as a matter of law it is not entitled to be indemnified by the appellee, against which it has made the present third-party claim. The appeal, originally argued before a division of this court, has been reargued twice before the court en banc. We ordered the second reargument so that the parties might fully present their views concerning the force and effect of the decision of the Supreme Court in Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413, after the first reargument. This second reargument has also permitted Judge Forman, who has joined us since the first reargument, to participate in the decision of a doubtful question of importance which has divided us.

In the court below appellant shipowner, Waterman Steamship Co., was both defendant to the original maritime tort claim of a stevedore for shipboard injury and third-party plaintiff claiming indemnity from appellee, Dugan & McNamara, Inc., the stevedore's employer. The shipowner now appeals from a decision that it is not entitled to indemnity

from the stevedoring company for an amount it has paid in satisfaction of the stevedore's principal claim. In the present posture of the litigation it must be and is admitted that the stevedore's injuries were caused in part by improper stowage of cargo. Appellant concedes its absolute liability to the injured stevedore for the hurtful consequences of this unseaworthy condition. However, appellant claims indemnity from the stevedoring company on the theory that primary responsibility for the accident and an obligation to indemnify the shipowner should be imposed on the appellee because the immediate cause of the accident was appellee's negligence in unloading the cargo, improper though the stowage admittedly was.

How this case might have stood had the stevedoring company been employed by the owner or operator of the ship to unload the cargo in question we need not and do not decide. For appellant neither alleged in its third-party complaint nor sought to prove any contractual relation or undertaking as the basis of the alleged liability. Rather, as an affirmative defense, appellee in its answer asserted that there was no contract between these parties. The correctness of this allegation was stipulated at trial. Whatever arrangement was made for unloading the cargo,[1] the shipowner was not party to it and on the present record claims no standing under it.

The District Court ruled that in such a situation as this the absence of a contractual relation between the parties is fatal to the indemnity claim. We have said as much in Brown v. American-Hawaiian S.S. Co., 3 Cir., 1954, 211 F.2d 16, 18 and Crawford v. Pope & Talbot, Inc., 3 Cir., 1953, 206 F.2d 784, 792. Any obligation of a stevedoring company to indemnify a shipowner for shipboard injury of its employees in the course of their employment must be bottomed on a promise, express or implied in fact, of the stevedoring company. Otherwise, tort liability would be imposed upon the stevedoring company for negligent injury of its employee, a result prohibited by the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq. However, it is strongly urged that the Supreme Court in Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413, has rejected the reasoning and impaired the authority of the Brown and Crawford cases. That contention is our principal concern here.

In the Crumady case the Supreme Court reviewed a decision of this court. We had not adjudicated the question of indemnity because it had been our view that there was no liability on the principal claim. However, the Supreme Court reversed us on the principal claim and then considered and sustained the indemnity claim. Thus, in considering what the Supreme Court said and did in the Crumady case we deal with an entirely familiar record.

Crumady was a libel in rem against a vessel by a stevedore who had been injured in unloading cargo. The ship impleaded the stevedoring company which had undertaken the unloading operation and had employed the principal plaintiff. The evidence showed that the shipowner had chartered the vessel to an operator who had contracted with the stevedoring company to unload the vessel. In these circumstances the Supreme Court ruled that "[t]he warranty [of workmanlike service] which a stevedore owes when he goes aboard a vessel to perform services is plainly for the benefit of the vessel whether the vessel's owners are parties to the contract or not." 358 U.S. at page 428, 79 S.Ct. at page 448. The court added that the circumstances under consideration suffice "to bring the

1. It was stated to us in argument and mentioned by the court below in directing a verdict against the third-party claim that the stevedoring company had been employed by the owner of the cargo to unload it. But no evidence was introduced concerning this matter and counsel for the appellant stated to the court below that the particular contractual arrangement under which the unloading was performed was not material to the third-party claim.

vessel into the zone of modern law that recognizes rights in third-party beneficiaries". Ibid. Thus, the actual holding of the Crumady case seems to be that a contractual undertaking of the stevedore with the operator of a ship, who is not the owner, to unload in a safe and workmanlike manner inures to the ship. In contrast the case now before us affords no basis for finding or assuming that the operator of the ship had any dealing whatever with the stevedoring company which discharged the cargo. To the contrary, as already pointed out, the District Court indicated and counsel have represented that the carriage was on such terms and conditions that the consignee was responsible for the discharge of its own goods and arranged with the stevedoring company for the performance of that job. The shipowner and the stevedoring company were strangers. It necessarily follows that the alleged duty upon which the present claim rests can only be an *imposition on a wrongdoer in invitum*. It is a question of tort liability, rather than one of contract or warranty, whether either wrongdoer must share the burden of a recovery by the injured party against the other wrongdoer. In reality we have here a problem of contribution between tortfeasors and not one of indemnification for breach of warranty. And the Supreme Court has clearly ruled that in these stevedore injury cases the shipowner may not require contribution from the stevedoring company. Halcyon Lines v. Haenn Ship Ceiling and Refitting Corp., 1952, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318.

We find no indication that the Supreme Court in the Crumady case intended to abrogate or disregard the distinction between a permitted recovery-over based on contract and a prohibited misuse of the concept of indemnity to obtain contribution from a tortfeasor who enjoys the protection of the Longshoremen's and Harbor Workers' Act. We cannot square a recovery in this case with adherence to that distinction.

The judgment will be affirmed.

BIGGS, Chief Judge (dissenting).

The record shows that the accident to King, the longshoreman whose claim against Waterman Steamship Corporation, the third-party plaintiff-appellant, was reasonably compromised by it, was caused by two factors. The accident occurred, first, because of the improper stowage of the cargo, bags of sugar, and second, because of the negligence of Dugan & McNamara Company, Inc., the third-party defendant, in unloading the cargo. It was stipulated that there was "no agreement, written or oral, between the ship and Dugan & McNamara". The decision of this court is based upon the absence of contractual privity between Waterman and Dugan & McNamara though it appears to be conceded that if there were a contractual relation between them indemnity might be had by Waterman. See Ryan Stevedoring Co., Inc. v. Pan Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L. Ed. 133, and Weyerhaeuser Steamship Co. v. Nacirema Operating Co., Inc., 1958, 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed. 2d 491.

In the decision of the Supreme Court in Crumady v. The Joachim Hendrik Fisser, 1959, 358 U.S. 423, 428–429, 79 S.Ct. 445, 448, 3 L.Ed.2d 413, Mr. Justice Douglas stated: "We think this case is governed by the principle announced in the Ryan case. The warranty which a stevedore owes when he goes aboard a vessel to perform services is plainly for the benefit of the vessel whether the vessel's owners are parties to the contract or not. That is enough to bring the vessel into the zone of modern law that recognizes rights in third-party beneficiaries. Restatement, Law of Contracts, § 133. Moreover, as we said in the Ryan case [cited supra], 'competency and safety of stowage are inescapable elements of the service undertaken.' 350 U.S. at page 133, 76 S.Ct. at page 237. They are part of the stevedore's 'warranty of workmanlike service that is comparable to a manufacturer's warranty of the soundness of its manufac-

tured product.' Id., 350 U.S. at pages 133–134, 76 S.Ct. at pages 237 [–238]. See MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696.

"We conclude that since the negligence of the stevedores, which brought the unseaworthiness of the vessel into play, amounted to a breach of the warranty of workmanlike service, the vessel may recover over."

I can perceive no merit to the distinction attempted to be made by the majority that the proceeding in Crumady was *in rem* against the vessel and that the evidence showed that the shipowner had chartered the vessel to an operator who had contracted with the stevedoring company to unload it. Crumady shows that Waterman by way of the third-party beneficiary contract, was entitled to the warranty of workmanlike service that Dugan & McNamara, Inc. gave when it undertook to unload the vessel.

The judgment of the court below should be reversed.

GOODRICH and McLAUGHLIN, JJ., join in this dissent.

GOODRICH, Circuit Judge (concurring in dissent).

I agree with what Chief Judge BIGGS has said in his dissent. I only want to add one idea. It seems to me that with the elimination of the necessity of contract between shipowner and stevedore, as I think the Crumady case decides, we may have developing here a situation in which rights of shipowner against stevedore may be analyzed as growing out of a relationship between them not dependent upon contract. The stevedore comes on the ship to perform labor and he comes with the permission of the shipowner. It seems to me out of this permission and the relation established thereby there can well be a duty owed to the shipowner not to create, by the acts of the stevedore, a situation which will cause loss to the shipowner. An analogy is to be found in the duty of a person responsible for the conduct of another to be indemnified by the other for expense made in discharge of such a responsibility. See Restatement, Restitution, §§ 96–99.