**Vernel ARDOIN**

v.

**UNION OIL COMPANY OF CALIFORNIA.**

**Civ. A. No. 9226.**

United States District Court
W. D. Louisiana,
Opelousas Division.

Jan. 24, 1964.

Dubuisson & Dubuisson, Edward Dubuisson, Opelousas, La., for plaintiff.

Hammett, Leake & Hammett, Robert E. Leake, Jr., New Orleans, La., for defendant.

Mouton & Roy, Harmon F. Roy, Lafayette, La., for intervenor.

Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, J. Y. Gilmore, Jr., New Orleans, La., and Lewis & Lewis, Opelousas, La., for third party defendant.

PUTNAM, District Judge.

Plaintiff Ardoin filed this suit on the law side of the Court to recover against Union Oil Company of California for personal injuries sustained by him on navigable waters of the Gulf of Mexico, off the coast of Louisiana. The owner of the motor vessel on which he was riding at the time, D & B Boat Rentals, Inc.,

and its insurer, Transit Casualty Company, are not named in the original complaint as defendants.

The pleadings reflect that the parties stand in relation to each other as follows: Union contracted with Richey Drilling Company to drill a well on one of its offshore locations, and also contracted with D & B to furnish transportation to and from the well site for Richey's drilling crews, of which Ardoin was a member. The complaint does not state whether the accident occurred beyond the continental shelf or within the seaward boundaries of Louisiana as delineated in the Outer Continental Shelf Lands Act, 43 U.S.C.A. §§ 1301, 1331 et seq., nor does it allege whether the drilling operations being conducted were carried out on a submersible drilling barge of the type that may be classified as a vessel, or on a fixed platform.

It is alleged that the weather was rough, that a representative of Union on the platform instructed the skipper to come out to the location in spite of the rough weather prevailing and the danger incident to this undertaking, that the skipper in carrying out their instructions negligently proceeded in the light vessel at a high rate of speed and upon the vessel being struck by a series of large waves plaintiff was thrown from a bunk on which he was lying, whereupon he was injured.

Union has filed a third party petition seeking to bring D & B and its insurer, Transit Casualty Company, into the suit as defendants, on the theory (1) that if it is liable to Ardoin its liability is vicarious and secondary to that of D & B, with a right of indemnity against D & B on the theory of active vs. passive negligence (2) that it has a right to indemnity under the "implied warranties of fitness and good workmanship legally implicit in D & B's performance of its contractual obligations to Union, which are governed by Louisiana Law," and (3) in the alternative, that Union is entitled to contribution from D & B and Transit as between joint tort feasors for one-half of all sums for which it might be cast.

D & B and Transit now move to dismiss for failure to state a claim and alternatively for summary judgment or to strike such portions of the third party complaint which fail to state a claim on which relief can be granted. This motion we now consider.

Movants rely upon Halycon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952), which held that there was no right of contribution in the maritime law for actions against joint tort feasors for negligence in non-collision cases, and Pope and Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953) holding that actions for injuries occurring on navigable waters are governed by the federal maritime law as to matters of substantive right as well as procedure. To this we add the comment that the contract between D & B and Union is a maritime contract for the transportation of persons over navigable waters, and is itself subject to interpretation by maritime standards insofar as they apply. Benedict on Admiralty, 6 ed., Vol. 1, § 66 p. 136, note 47 and cases there cited.

Union relies upon D. M. Picton & Co., Inc. v. Eastes et al, 160 F.2d 189 (5 Cir. 1947); Pinion v. Mississippi Shipping Co., 156 F.Supp. 652 (E.D.La.1957); and Hill v. George Engine Co., Inc., 190 F. Supp. 417 (E.D.La.1961).

In Picton there was clearly an active breach of an express contract provision in the failure to remove a piling from an oil well location in the Gulf under contract with Superior Oil Company. Superior was allowed indemnity from its contractor for damages paid by it to the owner of a motorboat damaged by the remaining piling, there being a negligent failure to perform an express obligation and such damages being contemplative and foreseeable under the contract.

In Pinion, the court allowed indemnity for damages paid by a shipowner for injuries to a ship's repairman from the ship's repairer with whom the owner contracted to do the work in question, this relationship being likened to the stevedore vs. owner vs. stevedore-contrac-

tor relationship found in Ryan Stevedoring Co., Inc. v. Pan Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956).

In Hill as in Picton, there was a negligent breach of an express engagement to properly install an engine in plaintiff's tug, causing damage to the Harvey lock gates. For breach of this contractual warranty, indemnity was allowed.

More recently the Fifth Circuit in Grace Lines, Inc. v. Port Everglades Terminal Company, 324 F.2d 699, reviewed the Ryan case, supra, and its progeny, Weyerhaeuser S. S. Co. v. Nacirema Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958), Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L. Ed.2d 413 (1959). Judge Dawkins, Chief Judge of the Western District of Louisiana, on assignment to the Court of Appeals, pointed out that as to *harbor workers*, the doctrine of Halycon is no longer viable. See also Koninklyke Nederlandsche, Stoomboot Maadschappy, N. V. v. Strachan Shipping Co., 301 F.2d 741 (5 Cir. 1962).

But these cases are not parallel. The complaint before us charges active and joint negligence on the part of both Union and D & B, as pointed out above, and bears all of the characteristics of a suit against one of two joint tort feasors.

As to the allegations of the third party petition regarding the implied warranty contended for under its alleged contract with D & B, we find a striking similarity to the allegations of the complaint in Halliburton Co. v. Norton Drilling Co., 302 F.2d 431 (5 Cir., 1962), whereof the Court said:

"The third-party complaint states simply that Norton breached an implied contractual warranty to remove the cementing head in a careful and workmanlike manner. This is a naked conclusion of law, unsupported by the factual allegations of the complaint, and which need be given no weight in determining the sufficiency of the complaint."

In its answers to interrogatories propounded to Union by Ardoin, numbers 6, 7 and 8, it is admitted by Union that (1) it had authority over the transportation of the drilling crew by D & B, subject to applicable regulations of the United States Coast Guard, under its contract (2) that it had a company representative on the platform in question at the time of the accident, and (3) that this representative had authority to issue instructions to the D & B boat operator.

Thus, irrespective of the fact that Ardoin does not state specifically that the instruction to the boat operator constituted "negligence", which would, of course, be a mere conclusion, when the original complaint and all pleadings are considered as a whole it is clear that Union's liability is predicated upon (1) active and joint negligence of Union (2) imputed negligence of the boat operator in attempting to carry out Union's instructions (3) a failure to provide a safe place in which to work, and (4) alleged unseaworthiness of the vessel in question.

The allegations of the third party petition concerning implied warranty being insufficient under Halliburton, supra, the third party petition does no more than seek to obtain contribution from a joint tort feasor. The rule of Halycon Lines v. Haenn Ship Ceiling & Refitting Corp., supra, applies, and although this court does not agree with the rule or its result, it governs the action. Benedict on Admiralty, 6th. Ed., Vol. 2, § 353, 1963 Supp. pp. 47, 48.

As to the claim for unseaworthiness, as we have pointed out above the status of Ardoin is not clear from the record. If he was a member of a crew of a vessel and was being transported thereto by D & B for his employer through contractual arrangements with Union, the warranty of seaworthiness might apply. If, on the other hand, he was merely a passenger on a water taxi (as seems to be the case) there is no such liability on D & B or Union. The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903), affords this remedy to seamen, and subsequent decisions have extended the doctrine to certain classes of workmen engaged in doing work aboard

the vessel traditionally performed by seamen. See Kermarec v. Compagnie General Transatlantique, 358 U.S. 625, 79 S. Ct. 406, 3 L.Ed.2d 550 (1958), and annotation 3 L.Ed.2d 1764; West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L. Ed.2d 161 (1959). Benedict on Admiralty, 6th Ed. Vol. 3, § 488 p. 375; Morris, Maritime Personal Injuries, Sec. 87 p. 232. The warranty does not apply to passengers in the absence of express agreement therefor.

We conclude, therefore, that the motion to dismiss the third party complaint is good and the attempt to implead D & B and Transit should be denied. However, Union is allowed thirty days from this date to amend the third party complaint to show (1) the contract of indemmnity relied upon, or from which it is to be implied (2) facts as to plaintiff Ardoin's status, and (3) location of the accident in question, whether beyond the territorial limits of Louisiana, or not.

In the absence of such amendment, the third party petition against D & B and Transit will be dismissed. Appropriate order should be presented for signature.