421 F.2d 851
 Arsenia C. MENDEZ, Administratrix of the Estate of Domingo
Mendez, Deceased,
v.
STATES MARINE LINES, INC. and Ocean Freighting and Brokerage
Corporation,States Marine Lines, Inc., Appellant
in No. 17,995, Ocean Freighting
andBrokerage Corporation,
Appellant in No. 17,996.
 Nos. 17995 and 17996.
 United States Court of Appeals, Third Circuit.
 Argued Dec. 19, 1969.
Decided Feb. 4, 1970.
 
 James F. Young, Krusen, Evans & Byrne, Philadelphia, Pa. (Raymond T. Letulle, Philadelphia, Pa., on the brief), for States Marine Lines, Inc.
 John A. McMenamin, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa. (Robert N. Ferrer, Benjamin F. Stahl, Jr., Philadelphia, Pa., on the brief), for Ocean Freighting & Brokerage Corp.
 Before McLAUGHLIN, FREEDMAN and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 GERALD McLAUGHLIN, Circuit Judge.
 
 
 1
 This was originally a damage action brought by the administratrix of the estate of Domingo Mendez, a seaman drowned in a ship accident in Danang Harbor, Vietnam, while in the employ of appellee, States Marine Lines. Both States Marine and appellant, Ocean Freighting and Brokerage Corporation, were named defendants. However, prior to trial, Ocean Freighting entered into a settlement with the estate. Ocean Freighting is here appealing an order of the district court dismissing its contribution claim against States Marine.
 
 
 2
 The factual framework in which the controlling issue arises can be briefly outlined. Mendez, while a crewman on a States Marine vessel, boarded a launch (not owned or operated by States Marine though engaged by it) for transport to the shore. In route, the launch collided with an Ocean Freighting vessel, and Mendez drowned. The court below found that both the Ocean Freighting vessel and the launch were negligent (264a). From that arises the Ocean Freighting contention that it should receive contribution on the basis of the 'admiralty divided damage-- collision rule.' States Marine not only opposes the application of this rule to the factual situation, but in its cross-appeal urges that the court below was 'clearly erroneous' in finding fault on the part of the launch in that the record does not support such a finding.-- Because we affirm the decision below agreeing that Ocean Freighting is not entitled to contribution, we need not consider the merits of appellee's protective cross-appeal.
 
 
 3
 The controlling issue is simply whether or not the maritime collision-contribution rule is relevent to the facts of this case. Of course, it is well-settled that in non-collision maritime torts, there is no contribution between joint tort-feasors. Halcyon Lines v. Haenn Ship Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952).
 
 
 4
 Turning to the facts, it is undisputed that the death of Mendez resulted from the collision of the launch and the Ocean Freighting vessel. To repeat, the court below found both the vessel and launch at fault. Since the launch was, admittedly, not owned by States Marine and since we are in accord with the ruling of the trial court that it was operated by its owner as an independent contractor,[1] it seems clear to us that the launch owner and not the owner of the vessel it was servicing would be the proper party from whom Ocean Freighting might seek contribution.
 
 
 5
 Appellant in its contention that the particular launch service was an agent of States Marine and thus, the launch's negligence is attributable to States Marine further argues that States Marine's Jones Act (48 U.S.C. 688) obligations to Mendez (or his estate) imposes liability upon States Marine for its contribution claim. With respect to the liability stemming out of agency principles theory, the court below in determining that the launch was an independent contractor, held that 'There was no right of direct control over the operation of the motor launch by * * * (States Marine).' (265a) We see no reason to disturb these conclusions.
 
 
 6
 The court also decided that with respect to Mendez, the launch's negligence would be attributed to States Marine. Certainly this is correct for it is elemental that Mendez' employer was obligated to insure Mendez safe means of ingress and egress from his ship. But it does not follow that the liability imposed upon employer States Marine by the Jones Act vis a vis seaman Mendez can be so twisted as to support Ocean Freighting's contribution claim. The Jones Act was enacted for the benefit of seamen. Mr. Justice Stone stated this clearly in The Arizona v. Anelich, 298 U.S. 110, 123, 56 S.Ct. 707, 711-712, 80 L.Ed. 1075 (1936):
 
 
 7
 '* * * With respect to the modified and in some respects enlarged liability imported into the maritime law by the Jones Act * * * the legislation was remedial, for the benefit and protection of seamen who are peculiarly the wards of admiralty. Its purpose was to enlarge that protection * * *. Its provisions * * * are to be liberally construed to attain that end, * * *.'
 
 
 8
 The Jones Act was not designed to extend ship owner's liability regarding other ship owners. Appellant's argument that States Marine's Jones Act obligations to Mendez creates contribution liability in States Marine to Ocean Freighting is completely without merit. We are satisfied the district court was entirely correct in its determination that under the circumstances of this appeal '* * * there is no basis for applying the collision exception to the contribution rule in admiralty.' (266a). State Marine's vessel on which Mendez was a crew member was not involved in a collision with appellant's vessel. In Halcyon Lines, supra, the Supreme Court made it clear that any enlargement of the collision contribution rule in admiralty must come from the Congress. A recent comment by Judge Friendly of the Second Circuit in McLaughlin v. Trelleborgs Angfartygs A/B, 408 F.2d 1334, 1338, cert. den. 395 U.S. 946, 89 S.Ct. 2020, 23 L.Ed.2d 464 (1969) is sound in stating that unless Congress acts,
 
 
 9
 'So long as Halcyon v. Haenn, * * * 342 U.S. 282, 72 S.Ct. 277, * * * remains on the books, inferior federal courts will do better to abstain from further adventures in this wonderland and leave doctrinal development to the Supreme Court * * *.'
 
 
 10
 The judgment of the District Court will be affirmed.
 
 
 11
 FREEDMAN, Circuit Judge (concurring).
 
 
 12
 It is ironic that admiralty, normally so hospitable to equitable principles, should deny contribution except in a strictly limited category of 'collision' cases. But this is the doctrine of Halcyon Lines v. Haenn Ship Corp., 342 U.S. 282, 72 S.Ct. 277 (1952).
 
 
 13
 Halcyon might be interpreted not to bar relief here, since a collision did in fact occur, albeit States Marine Lines had delegated to an independent contractor its duty of transporting its seamen to shore. But the construction the case has received warns against our expansion of its doctrine (see McLaughlin v. Trelleborgs Angfartygs A/B, 408 F.2d 1334, 1338 (2 Cir.), cert. denied 395 U.S. 946, 89 S.Ct. 2020, 23 L.Ed.2d 464 1969)) and leads me to the conclusion that we should not permit contribution in a case which seems to go beyond the factual circumstances marked out in Halcyon.
 
 
 14
 Therefore, while joining in the conclusion of the court, I express the hope that there may be review and with it a reexamination of the existing limitation on contribution in admiralty.
 
 
 
 [1]
 The launch service in question, probably the only such service in Danang Harbor, evidently served all of the harbor's vessels. (213a)