Troy M. SESSIONS, Plaintiff-
Appellee,

v.

FRITZ KOPKE, INC., et al., Defendants-
Third Party Plaintiffs-Appellees and
Cross Appellants,

v.

COOPER STEVEDORING COMPANY,
INC., Third Party Defendant-Appel-
lant and Cross Appellee.

No. 72-1467.

United States Court of Appeals,
Fifth Circuit.

June 1, 1973.

As Modified on Denial of Rehearing
Aug. 6, 1973.

Frank G. Harmon, Joseph Cheavens, Houston, Tex., for Cooper Stevedoring Co.

Dixie Smith, Houston, Tex., for Kopke.

Warner F. Brock, Houston, Tex., for Sessions.

Before MORGAN, CLARK and IN-GRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

The SS KARINA, a vessel owned and operated by Fritz Kopke, Inc., and under charter to the Alcoa Steamship Company, was loaded with palletized crated cargo by the employees of Cooper Stevedoring Company at Mobile, Alabama. The KARINA departed Mobile and arrived at Houston on or about July 2, 1969, where employees of Mid-Gulf Stevedores, Inc., prepared to load sacked cargo.

Troy Sessions, a longshoreman employed by Mid-Gulf, was one of the first men to enter the hold of the ship. The Mid-Gulf employees were required to walk atop the previously loaded palletized crates in order to store the cargo they were bringing aboard ship. Sessions stepped into an opening between two crates which was concealed by a covering of corrugated paper, and thereby sustained certain personal injuries.

Sessions brought an action against Fritz Kopke and the Alcoa Steamship Company (collectively referred to as the vessel) seeking to recover damages for his injuries. The vessel in turn sought indemnity against Mid-Gulf and Cooper. Prior to trial the vessel compromised and settled its claim against Mid-Gulf,

which was then dismissed from the suit. After a trial to the court, sitting without a jury, the vessel was found to be unseaworthy and damages were awarded to the plaintiff in the amount of $38,679.90. No one appeals from this award. The court found that Cooper had negligently stowed the cargo it loaded in Mobile and had thus breached the warranty of workmanlike performance it owed to the vessel. Denying the vessel's claim for a full indemnity, the court awarded the vessel contribution from Cooper as a joint tort-feasor for 50% of the damages.

■ Cooper appeals. The vessel cross-appeals, contending that there was no basis for the trial court's denial of its claim to full indemnity from Cooper. While our appellate review of this case is made somewhat difficult by the fact that neither the vessel nor Cooper requested that the trial court make formal findings of fact or conclusions of law which specifically dealt with the various rights and liabilities of the parties, nevertheless, we find ample basis for this holding in the oral decision announced by the judge at the conclusion of the case. Fairly read, the holding does make it clear that the court considered the vessel's conduct precluded its full recovery on the indemnity claim because it failed to fulfill its primary responsibility under its arrangement with Cooper to assure that some type of dunnage was placed on top of the cargo. On the record before us we cannot conclude that this finding was clearly erroneous.

On its appeal Cooper Stevedoring asserts that the trial court's award of contribution in a non-collision maritime case is in direct conflict with the Supreme Court's decisions in Halcyon Lines et al. v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952), and Atlantic Coast Line R. Co. v. Erie Lackawanna R. Co., 406 U.S. 340, 92 S.Ct. 1550, 32 L.Ed.2d 110 (1972).

■ Halcyon, supra, held that there was no right to contribution between a shipowner and a shoreside contractor who are joint tort-feasors in a case involving injuries to an employee of the contractor while engaged in repair work on a ship. The apparent prohibition against contribution in a non-collision maritime case has been held inapplicable where the joint tort feasor against whom contribution is sought is not immune from tort liability by statute. Horton & Horton, Inc. v. T/S J. E. Dyer, 428 F.2d 1131 (5th Cir., 1970), cert. den., 400 U.S. 993, 91 S.Ct. 461, 27 L.Ed.2d 441 (1971); Watz v. Zapata Offshore Company, 431 F.2d 100 (5th Cir., 1970); In re Seaboard Shipping, 449 F.2d 132 (2nd Cir., 1971), cert. den., 406 U.S. 949, 92 S.Ct. 2039, 32 L.Ed.2d 337 (1972).

In the present case Sessions, in addition to suing the vessel, could have proceeded directly against Cooper Stevedoring as Cooper was not his employer and, therefore, not shielded by the limited liability of the Longshoremen and Harbor Workers Act.

The Supreme Court's per curiam affirmance of the Atlantic case, supra, does not necessitate a reexamination of our prior decisions. It is unclear from the district court's opinion, 315 F.Supp. 357 (S.D.N.Y., 1970), as well as from the Second Circuit's affirmance thereof, 442 F.2d 694 (1971), whether our Horton-Watz exception to the Halcyon rule was even applicable under the facts of Atlantic. Moreover, neither court directly questioned the decisions in Horton and Watz. In these circumstances and absent a reference in the Supreme Court's short per curiam opinion to these decisions, we do not read Atlantic as silently overruling Horton and Watz.

Finding both parties' additional assertions of error without merit, we therefore AFFIRM the judgment of the district court.

Affirmed.