**720**

HARBOR TOWING CORPORATION,
Appellant,

v.

SS CALMAR, her tackle, apparel, equipment, etc. and Calmar Steamship Corporation, a body corporate, Appellees.

HARBOR TOWING CORPORATION,
Appellee,

v.

SS CALMAR, her tackle, apparel, equipment, etc., and Calmar Steamship Corporation, a body corporate, Appellants.

Nos. 74–1142, 74–1143.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 4, 1974.

Decided Dec. 23, 1974.

John T. Ward, Baltimore, Md. (Ober, Grimes & Shriver and John C. Baldwin, Baltimore, Md., on brief), for appellant in No. 74–1142 and for appellee in No. 74–1143.

William R. Dorsey, III, Baltimore, Md. (Semmes, Bowen & Semmes, Baltimore, Md., on brief), for appellees in No. 74–1142 and for appellants in No. 74–1143.

Before WINTER, CRAVEN and RUSSELL, Circuit Judges.

PER CURIAM:

In an interlocutory judgment as to liability, the district court found that both the Tug William E. Voyce, Jr., and the SS Calmar were at fault when they collided in the Brewerton Channel, Eastern Extension, of the Chesapeake Bay on February 6, 1972. Of course, the district court did not assess damages; but it, nevertheless, stated that in accordance with The Catharine v. Dickinson, 58 U.S. (17 How.) 170, 177, 15 L.Ed. 233 (1855), the present law would require the assessment of one-half of the total damages against each vessel. See also, Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 284, 72 S.Ct. 277, 96 L.Ed. 318 (1952). To this the court added that if it "were not bound by the existing [the Catharine] rule it would not require the Voyce to pay more than her own damage." Harbor Towing Corporation v. Calmar Steamship Corporation, 364 F.Supp. 804, 807 (D.Md.1973).

Both ships appeal, each claiming that the other was solely at fault. Additionally, the Voyce asserts that if the district court's determination that both ships were at fault is affirmed, damages should nevertheless be apportioned between the two according to fault rather than divided equally.

█ From our study of the record and consideration of the arguments, both written and oral, we conclude that the findings of the district court on which it predicated its judgment of liability are not clearly erroneous and the judgment is correct. We affirm on the opinion of the district court.

■ Even though it had indicated what it would decide, the district court has not actually decided the issue of damages. It would therefore be premature for us to express any view. We note, however, that certiorari has been granted to review the holding in United States v. Reliable Transfer Co., 497 F.2d 1036 (2 Cir. 1974), cert. granted, —— U.S. ——, 95 S.Ct. 491, 42 L.Ed.2d 291 (1974), and it appears that the Supreme Court may well reconsider whether the admiralty rule of divided damages currently applied in collision cases should be replaced by a rule of damages in proportion to fault. Accordingly, we suggest to the district court that upon remand it may appropriately stay further proceedings to await the final decision in *Reliable Transfer*, so that it may proceed in accordance with the views expressed therein. In oral argument, counsel, when questioned, agreed that there was no compelling reason for an earlier decision.

Affirmed.