**The KINSMAN MARINE TRANSIT CO., as owner of the STEAMER HENRY LA LIBERTE, Plaintiff-Appellee,**

v.

**The GREAT LAKES TOWING COMPANY, Defendant-Appellant.**

**No. 75–1855.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 3, 1976.

Decided April 1, 1976.

Fenton F. Harrison, Harrison & Gruber, Buffalo, N. Y., James E. Saari, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant-appellant.

Roman Keenen, Ray, Robinson, Keenen & Hanninen, Lucian Y. Ray, Cleveland, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and MILLER, Circuit Judges.

PER CURIAM.

This is an admiralty case involving a maritime accident in the Watson Basin at Buffalo, New York.

Appellee's steamer, "Henry La Liberte" (The steamer) had completed its unloading at an elevator on the City Ship Canal in the Port of Buffalo. Appellant's "California" (the tug) was engaged to tow the steamer safely from the Port down the canal to the Watson Basin and into Lake Erie. During this "winding" operation the steamer collided with the D.L. & W. dock which is situated on the northern side of the Basin.

District Judge Robert B. Krupansky made findings of fact that the accident was caused by the concurrent negligence of the steamer and the tug. He divided the damages equally between the two vessels on authority of the law of admiralty in effect on the date of his decision, including *Hal-*

cyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 284, 72 S.Ct. 277, 279, 96 L.Ed. 318, 319 (1952); and *American Steamship Co. v. Great Lakes Towing Co.*, 73 F.Supp. 359 (N.D.Ohio 1947), *aff'd*, 165 F.2d 368 (6th Cir. 1948), *cert. denied*, 333 U.S. 881, 68 S.Ct. 913, 92 L.Ed. 1156 (1948).

Nineteen days after the judgment of the District Court, the Supreme Court released its opinion in *United States v. Reliable Transfer Co., Inc.*, 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975), abolishing the admiralty rule that property damages in a maritime collision are to be divided equally whenever two or more parties are found to be guilty of contributory fault, regardless of the relative degree of their fault. The Court held that damages are to be allocated among the parties proportionately to the comparative degree of the fault, whenever possible.

Mr. Justice Stewart, speaking for a unanimous Court, said:

We hold that when two or more parties have contributed by their fault to cause property damage in a maritime collision or stranding, liability for such damage is to be allocated among the parties proportionately to the comparative degree of their fault, and that liability for such damages is to be *allocated equally only when the parties are equally at fault or when it is not possible fairly to measure the comparative degree of their fault.* (Emphasis added.) 421 U.S. at 411, 95 S.Ct. at 1715, 44 L.Ed.2d at 262.

In the present case the District Court made findings of fact to the effect that the damage was caused by the concurrent negligence of both parties. We hold that these findings of fact are not clearly erroneous. Fed.R.Civ.P. 52(a), but to the contrary are supported by substantial evidence.

However, the District Court did not find that the vessels were equally at fault.

Accordingly, we affirm the judgment of the District Court on the issue of concurrent negligence. We vacate the judgment and remand for determination of damages in accordance with the rule established in *Reliable Transfer.*

No costs are taxed. Each party will bear its own costs on this appeal.