NAGLE v. ISBRANDTSEN CO., Inc.

No. 34, Docket 21399.

United States Court of Appeals
Second Circuit.

Argued Oct. 5, 1949.

Decided Oct. 19, 1949.

Corydon B. Dunham, New York City, Xavier N. Sardaro, New York City, for appellant.

Simone. N. Gazan, New York City, for appellee.

Before L. HAND, Chief Judge, SWAN and CLARK, Circuit Judges.

PER CURIAM.

The appeal raises three points: (1) the refusal of the judge to dismiss the action for lack of evidence; (2) his refusal to grant six requests to charge; (3) his refusal to reduce the verdict. We may dispose of the third at once without discussion; it was of course a matter wholly within the judge's discretion. The first point was equally devoid of merit: it was in two parts. The first part was that the plaintiff was not injured on the ship at all, and that was palpably a question for the jury. The second part was that the port passageway was clean, and the plaintiff should have chosen to use it instead of the starboard. There was some testimony that the oil and garbage, like that on which the plaintiff slipped, was scattered over the port passageway as well as the starboard; but, that aside, it was for the defendant to show that there was an alternative way, and it did not do so; indeed it did not raise the question upon the trial.

There remains the question of the refusals to charge. The judge told the jury that the defendant was not an insurer of the plaintiff's safety and that its duty was only to use reasonable diligence in keeping a reasonably safe place in which he might work. That made it unnecessary for him to grant the first three requests. The fourth request was that if the injury was occasioned by a condition which was obvious, the verdict should be for the defendant. The judge had charged that the plaintiff must make reasonable use of his own faculties to observe and avoid danger, and that he must be presumed to know what the ordinary use of his faculties would make apparent to him. This was equivalent to saying that he might not be careless of his own safety, if the defendant was to be liable. That was in substance the same as the request. The sixth request was improper because the defendant was not excused by the refusal of the deck crew to perform its duties. They were still servants of the defendant and its duty, being undelegable, was not discharged. The fifth request was clearly wrong. The most that the defendant could claim was that, if the plaintiff fell upon garbage which it was his personal duty to clear up, he could not recover. No such request was made.

Judgment affirmed.