**KENNAIR v. MISSISSIPPI SHIP-PING CO., Inc.**

No. 254, Docket 22341.

United States Court of Appeals Second Circuit.

Argued June 3, 1952.

Decided June 27, 1952.

Tompkins, Boal & Tompkins, New York City, for defendant-appellant; Arthur M. Boal, New York City, of counsel.

Samuel Segal, New York City, for plaintiff-appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff John E. Kennair was employed as a night steward aboard the S. S. Del Norte when, on December 3, 1947, he sustained injuries as a result of a fall into an elevator shaft. The present suit was brought by him against the owner of the vessel, Mississippi Shipping Co., Inc., under the Jones Act, 46 U.S.C.A. § 688, to recover for injuries received in the fall and for maintenance and cure. Upon the trial, the jury returned a verdict in favor of Kennair for $28,500 after the judge had dismissed the claim for maintenance and cure.

At the time of the accident, the S. S. Del Norte was a comparatively new combination cargo and passenger vessel operating between New Orleans, La., and various South American ports. The elevator

aboard the Del Norte measured three by four feet and moved in an enclosed shaftway between the officer, promenade, shelter, and dining-room decks. On each deck the entrance to the elevator shaftway was closed off by a shaft door which consisted of half-doors opening from the center. From inside the elevator the shaft door could be opened by a hand-operated lever but, in order to open it from the outside, it was necessary to use the elevator key. When the key was inserted in a hole in the shaft door, it tripped the lever on the inside and opened the two sections of the door slightly. The sections could then be forced open by hand sufficiently to permit entrance into the elevator.

Kennair, as night steward, was one of the three crewmen aboard the Del Norte assigned to run the elevator, which was operated exclusively for the benefit of the passengers. There was no indicator or other device on any deck to show where the elevator was at any given time, but when not in use the permanent station for the elevator was the shelter deck. The plaintiff testified that the ship's rules required that when the vessel was in port, the elevator was to be kept at the shelter deck with its inside light out and with the shaft door key on the bellboy's seat located near the elevator shaft.

On the evening of December 3, 1947, the S. S. Del Norte was in the harbor at Santos, Brazil. At about 6:30 P. M. Kennair discovered that two elderly female passengers were waiting on the promenade deck for the elevator to take them down to the dining-room. Accordingly, he descended by stairway to the shelter deck and found the elevator key on the bellboy's seat. Using the key he opened the shaft door and stepped in and fell twenty-five feet to the bottom of the open shaft. He testified that he thought the elevator was there because the key was in its place at the bellboy's seat, that he looked into the shaft before he stepped in and that it appeared to be "in the same condition as * * * when the elevator was there and the light was out."

■■ The alleged negligence of the defendant was its failure to maintain a light at the top of the elevator shaft or to have an indicator on the shelter deck to show the location of the elevator. The court's instructions to the jury required it to answer the questions whether a reasonably prudent person would have had a light or some indicator device and whether their absence was the proximate cause of the plaintiff's fall. We find no error in the instructions as given or in the denial of the defendant's requests to charge. It is urged by the defendant that there is no evidence in the record as to what type of safety device a reasonably prudent shipowner would have, nor any evidence as to what precautions were taken on other vessels. But such evidence was not necessary; for it was the function of the jury to apply the standard of care—what was reasonable under the circumstances—to the facts presented to it. Bailey v. Central Vermont Ry., Inc., 319 U.S. 350, 353, 63 S.Ct. 1062, 87 L.Ed. 1444. Nor can we say that the accident was caused solely by the plaintiff's "unwarranted" assumption that the elevator was at the shelter deck. The plaintiff testified that he relied on the fact that the elevator key was on the bellboy's chair and that everything appeared as though the elevator was there, including the absence of a light, when he opened the shaft door and stepped in. It was for the jury to decide whether that reliance was unreasonable and whether it was the sole cause of the accident.

■ The defendant also argues that the court's comment on certain of the plaintiff's hospital records which the defendant introduced in evidence was prejudicial to the latter's case. The hospital records contained an entry reading as follows: "Habits: alcohol. Gets tight about every other port." The trial court instructed the jury "that there is no scintilla of proof in this case, not the slightest, that the plaintiff was intoxicated on December 3, 1947." The defendant does not suggest that the factual content of the court's instruction was incorrect and we think that such an instruction was not only proper but necessary to avert any possible prejudice to the plaintiff that might arise from evidence which at best was quite remote from the issues involved in the case.

Finally, the defendant urges that the trial court committed error when it refused to set aside the verdict or to reduce it on the ground of excessiveness. While it may be that the amount of the award is somewhat large in view of the injuries sustained, we have held on more than one occasion that we will not interfere in such a situation and that the reduction of the jury's verdict is a matter wholly within the discretion of the trial judge. E. g., Nagle v. Isbrandtsen Co., Inc., 2d Cir., 177 F.2d 163.

Judgment affirmed.