**Burton RASKIN**

v.

**VICTORY CARRIERS, Inc., Defendant and Third-Party Plaintiff, and Haenn Ship Ceiling and Refitting Corporation, Third-Party Defendant.**

**Civ. A. No. 11773.**

United States District Court,
E. D. Pennsylvania.
Sept. 12, 1953.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for Victory Carriers, Inc.

Rawle & Henderson, Philadelphia, Pa., for Haenn Ship Ceiling & Refitting Corp.

KIRKPATRICK, Chief Judge.

The recent decision of the Court of Appeals for the Third Circuit in Crawford v. Pope and Talbot, Inc., 206 F.2d 784, together with the decision of the Court of Appeals of New York in McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 107 N.E.2d 463 (cited with approval by the Court of Appeals in the Crawford case) and the decision of the Court of Appeals for the Ninth Circuit in United States v. Rothschild International Stevedoring Co., 183 F.2d 181, covers all points of law raised by these motions and, on the authority of those decisions, the motions are denied.

In the Crawford case, the Court of Appeals decided

(1) that Section 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905, did not bar the shipowner's claim for indemnity against the employer of the injured man; because

(2) the basis of the claim is contractual, and

(3) that even in the absence of an express covenant, a right to indemnity may arise from "the circumstances surrounding the contractual relationship between the employer and the third party" and inheres in the obligation arising from a contract involving the performance of work " 'to do that work in a careful and prudent manner whether that duty was expressed in the contract or not.' " [206 F.2d 792.]

In the McFall case [107 N.E.2d 471], the Court said that such implied contract of indemnity will arise "in favor of the wrongdoer who has been guilty of passive negligence, if there be such, against the one who has been actively negligent. * * * Whether negligence is passive or active is, generally speaking, a question of fact for the jury."

In the Rothschild case, the Court held that where a dangerous condition on the ship has been created by the negligence of the shipowner, for the contractor to use its discretion in permitting its employees to work where it knew that there was a defect that was dangerous, relying upon the chance that nothing would happen, was active negligence.

In the present case the question was submitted to the jury upon the issue of active and passive negligence, and a verdict was rendered for the plaintiff upon sufficient evidence.

The motions are denied.