Katherine COMISKEY, Plaintiff-Appellee,

v.

The PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellant.

No. 159, Docket 23758.

United States Court of Appeals Second Circuit.

Argued Dec. 14, 1955.

Decided Jan. 6, 1956.

David J. Mountan, Jr., New York City (Conboy, Hewitt, O'Brien & Boardman, New York City, on the brief), for defendant-appellant.

Aaron A. Cohen, New York City, for plaintiff-appellee.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

CLARK, Chief Judge.

Plaintiff, Katherine Comiskey, and her husband, Philip, brought this action against the defendant railroad under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., for a back injury alleged to have been suffered by her in defendant's employment and as a result of its negligence. At the time of the alleged injury she was working in the outside parcels section of defendant's bag-

gage department located in the basement of the General Post Office in New York City, assisting in separating parcel post packages on a conveyor belt. The material allegations of negligence consisted of claims that defendant (1) failed to provide an adequate number of workers to handle the freight and baggage; (2) failed to provide competent, skillful, and suitable employees; (3) improperly directed and permitted the plaintiff to handle heavy freight and baggage, although it or its responsible employees knew that the plaintiff was not capable of performing such work; and (4) failed to provide plaintiff with lighter work or with safe and suitable work. The action in favor of Philip Comiskey was dismissed at the beginning of trial and is not before us. The case of Katherine Comiskey was submitted to the jury, which returned a verdict in her favor for $40,-000. Defendant made motions to set aside the verdict and for a new trial, and raised the issue of excessive damages.

The evidence adduced by Katherine Comiskey in support of her allegations presented a sufficient question for submission to the jury. The testimony showed that the defendant did not stop the plaintiff from working on the job of sorting parcel post, where she had to handle packages weighing up to approximately 70 pounds, after she had complained that the work was too heavy for her. Whether or not she was forced to work beyond her strength and without adequate assistance was properly left to the jury to determine. The verdict of the jury was large, but we do not think in the present posture of the case we should attempt to decide if in the light of all the evidence it was so excessive as to require a new trial. For we think that under the circumstances this issue should be returned to the trial judge for his consideration.

Judge Noonan stated at the trial: "* * * I would be inclined to reduce the verdict to $35,000 if I had the power and I am not sure that I have that." Although he could not *reduce* the verdict, he could have conditioned his denial of

motion for a new trial upon remittitur of the excess amount by plaintiff. Dimick v. Schiedt, 293 U.S. 474, 482, 55 S.Ct. 296, 79 L.Ed. 603. The matter of excessive damages is primarily within the discretion of the trial judge, see Kennair v. Mississippi Shipping Co., 2 Cir., 197 F.2d 605; Nagle v. Isbrandtsen Co., 2 Cir., 177 F.2d 163, though we may review his decision for abuse of discretion. See Bucher v. Krause, 7 Cir., 200 F.2d 576, certiorari denied Krause v. Bucher, 345 U.S. 997, 73 S.Ct. 1141, 97 L.Ed. 1404.

Thus it appears from the record that Judge Noonan, through error as to the extent of his authority, failed to exercise his discretion to condition denial of a motion for a new trial upon remission of part of the verdict. While we do not decide how such discretion should be exercised, we find that its exercise is an important right, of which defendant may not be deprived. Felton v. Spiro, 6 Cir., 78 F. 576. See also Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 483, 53 S.Ct. 252, 77 L.Ed. 439.

Remanded for exercise of discretion in accordance with this opinion.