**AMEROCEAN STEAMSHIP COMPANY, Inc., a corporation, and Blackchester Lines, Inc., a corporation, Appellants,**

v.

**Albert W. COPP, Jr., as Executor the Last Will and Testament of Albert W. Copp, deceased, Appellee.**

No. 15023.

United States Court of Appeals Ninth Circuit.
March 26, 1957.

**292**

Summers, Bucey & Howard, Theodore A. LeGros and G. H. Bucey, Seattle, Wash., for appellants.

Bogle, Bogle & Gates, Edward S. Franklin, Seattle, Wash., for appellee.

Before POPE and FEE, Circuit Judges, and EAST, District Judge.

JAMES ALGER FEE, Circuit Judge.

The initiation of the present proceedings was accomplished by filing a libel in rem in admiralty in the District Court by Avon Smith, a longshoreman, against the Steamship Amerocean and its owners. The latter, as appellants, impleaded Albert W. Copp,[1] the stevedore and the employer of Smith, on a claim for full indemnity in case of recovery by libelant.[2] The main action was settled and dismissed with payment to Smith, and trial was had on the third party claim alone.

While the ship was at sea, a portion of the main deck was treated with a preparation containing fish oil as a rust preventative, which caused this portion to appear black in contrast to the red appearance of the balance. Copp, as an independent contractor, was engaged, while the ship lay at a dock in Seattle, to dismantle grain fittings, remove charterer's property and refurbish the ship. Houlton, a rigger foreman for Copp, the stevedore, had eight men under his supervision, including Smith who did not report until 1:15 p.m. Houlton and Romo, a rigger in a similar position, both knew of the slippery condition of the deck. Upon reporting, Smith was sent onto the treated portion of the main deck in order to shift the boom out on the port side. Neither Houlton nor Romo gave Smith any warning, although both of them were within thirty feet of him when he stepped from No. 1 hatch onto the deck, slipped and suffered a fractured hip.

1. Prior to the trial, Albert W. Copp died, and his executor, Albert W. Copp, Jr., was by stipulation substituted as third party respondent in the District Court and is the appellee here. The stevedore is referred to as "Copp" in the opinion.

2. Admiralty Rule 56, 28 U.S.C.A.

■ The trial court found:

"That proctors for claimants [appellants] admitted in open court that the deck of the port side of the steamship 'Amerocean' was in an unseaworthy condition at the time of libelant's accident because of its slippery condition and that as shipowner it had breached the vessel's non-delegable duty to provide libelant with a safe place to work and the court finds by reason of said breach the libelant was injured.

"That Third Party Respondent [Copp, the stevedore] was also actively negligent in permitting libelant to proceed to the port side of the deck of the steamship 'Amerocean' without warning him of its slippery condition of which it had knowledge; that its foreman, Walter Holthan, did not obtain any assurances prior to libelant's injury from any of the officers of the 'Amerocean' that sawdust or other substance would be sprinkled on the port side of the deck to correct its slippery condition."

These findings must be accepted as true unless this Court finds them clearly erroneous.[3] We are not required longer to try the matter de novo. However, the testimony tends strongly to show that the ship was unseaworthy by virtue of treated deck and that its officers were fully aware of the situation when the stevedore gang came aboard. The condition could have been remedied by the application of sawdust, which, according to the contention of appellants, was available and could have been easily applied. There is testimony that Houlton applied to some officer of the ship for sawdust and was told it would be supplied later. The first mate denied such a conversation was held with him. But the surrounding circumstances show that the personnel had finished work and was being paid off in the saloon of the ship. This situation indicates that the ship failed in its non-delegable duty to maintain this portion of the deck in a seaworthy condition. The ship had posted no warnings and had not roped off this segment of the deck.

■ The finding of concurrent active negligence of the ship and the stevedore is firmly founded, and this Court concurs in these findings.

■ It was the duty of appellants to supply a seaworthy ship and appurtenant appliances. Liability for breach of such a duty is absolute and is not based upon any concept of negligence.[4] But this duty is not incompatible with negligence for which the ship may be held on suit by a longshoreman. Any vestiges of immunity from liability for negligent acts towards outsiders who are not seamen have disappeared.[5] Even as to seamen, negligent acts which result in a condition of unseaworthiness will evoke liability.

■ The claim of appellants is to recover full indemnity of the amount which it has paid to Smith for his injury. It is unquestionable that such a right, if established on the facts, is not barred by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.[6]

The doctrine that the stevedore is liable in an indemnity action where the

3. "In reviewing a judgment of a trial court, sitting without a jury in admiralty, the Court of Appeals may not set aside the judgment below unless it is clearly erroneous. No greater scope of review is exercised by the appellate tribunals in admiralty cases than they exercise under rule 52(a) of the Federal Rules of Civil Procedure [28 U.S.C.A.]." McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 8, 99 L.Ed. 20.

4. Mahnich v. Southern Steamship Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561;

Seas Shipping Co., Inc., v. Sieracki, 328 U.S. 85, 93–95, 66 S.Ct. 872, 90 L.Ed. 1099; Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143.

5. See Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 413–414, 74 S.Ct. 202, 98 L.Ed. 143.

6. Ryan Stevedoring Co., Inc., v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133.

liability of the shipowner is established solely upon the ground of unseaworthiness, while there is a finding of active negligence upon the part of the stevedore, has been accepted in many federal courts.[7] The best considered decisions, however, limit the theory to a case where it is found on the facts that the duty existed on the stevedore to protect his employees from a highly dangerous appliance or condition, and the breach of such duty was the sole proximate cause of the injury.[8]

But this case is differentiated from all such determinations. The trial court found:

"That the joint acts of negligence on the part of both claimants and Third Party Respondent were active, continuous and concurrent to the time of the libelant's injury and proximately caused libelant's injury and claimants and Third Party Respondent were and are joint tort feasors * * * ."[9]

With such a fact situation, therefore, this case is governed by the decisions of the Supreme Court in Halcyon Lines v. Haenn Ship Ceiling and Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318. That opinion may weaken to some extent the authority of the decisions of the appellate courts of the federal system relating to indemnification of the ship by the stevedore. But no opinion need be expressed as to that point here. Suffice it to say, this Court has twice expressly followed the Halcyon case.[10]

When two parties, jointly and concurrently, breach the duty each owes to a third person and damage results to him, each is liable to the full extent therefor. Each had committed a wrongful act. Both are equally guilty of wrongful conduct. But one of such guilty parties has no right of indemnity or contribution from the other, if he has been held responsible in damages to the injured party. He cannot take advantage of his own wrong on the ground that the other is equally guilty. This doctrine is well established at common law and is followed in admiralty. An apparent exception is division of damage in ship collision cases.

Cases may be distinguished where the breach of duty of the shipowner to furnish a seaworthy vessel was technical or where the breach furnished a condition of the accident and did not become a cause, proximate or otherwise.

Upon the facts found in the record by the able trial judge, the decision was correct.

Affirmed.

7. See our opinion in United States v. Arrow Stevedoring Co., 9 Cir., 175 F.2d 329, certiorari denied 338 U.S. 904, 70 S.Ct. 307, 94 L.Ed. 557; Raskin v. Victory Carriers, D.C., 124 F.Supp. 879.

8. In United States v. Arrow Stevedoring Co., 9 Cir., 175 F.2d 329, 331, the stevedore raised a hatch cover but neglected to secure it by turnbuckle and gear, which were right there on the hatch for that purpose, although the day boss testified he knew that was the usual practice. The stevedore was held liable under the specific contract of indemnity of the government.

9. It is true this expression appears under the head of "Conclusions of Law." It is inartistic since the whole sentence also contains a finding of fact. Proximate cause and joint and concurrent negligence are facts, not law. Such questions in a proper case would be submitted to a jury. The unworkmanlike placing of the statement by counsel tendering the document does not render it less a finding of fact.

10. Union Sulphur and Oil Corporation v. W. J. Jones and Son, 9 Cir., 195 F.2d 93. In States S.S. Co. v. Rothschild International Stevedoring Co., 9 Cir., 205 F.2d 253, the trial court applied the Halcyon rule to the facts, and dismissed the action. On appeal, the correctness of Halcyon rule was not questioned, but it was held that, since the stevedore was solely at fault, the rule did not apply, and the indemnity claim was allowed. It was indicated that, if the ship were culpable in any degree, the claim for indemnity would have been barred. See also, American Mutual Liability Insurance Co. v. Matthews, 2 Cir., 182 F.2d 322; Johnson v. United States, D.C., 79 F.Supp. 448.