HALLIBURTON COMPANY and Continental Casualty Company, Appellants,

v.

NORTON DRILLING COMPANY and Liberty Mutual Insurance Company, Appellees.

No. 19043.

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1963.

Paul A. Gaudet, New Orleans, La., for appellants.

John V. Baus, New Orleans, La., for appellees.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM.

The petition for rehearing en banc is hereby denied. The petition is based principally on the basis that the judgment of this Court is in conflict with our prior judgment in Travelers Insurance Company v. Busy Electric Company, 5 Cir., 294 F.2d 139. We conclude that there is no conflict in the decisions, principally because in the Busy Electric Company case it was alleged by the third-party plaintiff, the defendant in the original suit, that the third-party defendant had executed a contract of indemnity to the third-party plaintiff. No such contract is alleged in the present suit. However, since the Court in its opinion in the Busy Electric Company case discussed the third-party complaint there in light of the Louisiana jurisprudence dealing with the right of contribution between two tort feasors, we must next look to see whether the facts alleged in this third-party complaint are such as to bring it within the ambit of our decision in the Busy Electric Company case that the complaint could not be dismissed on motion for summary judgment.

We find the Louisiana jurisprudence as to contribution between tort feasors expressed in Appalachian Corporation v. Brooklyn Cooperage Company, 151 La. 41, 91 So. 539, particularly at page 541. That is, that when a party is

sued as a defendant and the basis of the action against him is that he is "only technically or constructively at fault, from failure or omission to perform some legal duty" he may seek indemnity against a party whose conduct amounts to active negligence. In describing the nature of the liability which it speaks of as technical or constructive fault, the opinion in Appalachian describes it as such conduct that the party could not "in law or morals be said to be a culpable participant in the act of negligence." This Court found that the original complaint in Busy Electric Company made a charge of liability against the Housing Authority of New Orleans of "technical or constructive" fault, the allegations actually being that the plaintiff was injured from the fall of an electric light pole because of HANO's "failing to maintain the aforesaid pole in safe condition, which maintenance was the responsibility of the said Housing Authority." In contrast to this "technical or constructive" fault charged against the original defendant in Busy Electric, the defendant, then, as the third-party plaintiff alleged that the act of negligence of the employer, Busy Electric Company, was the cause of the injury to the plaintiff. Thus, Busy Electric Company was ruled by Appalachian, for in each of those cases the original defendants sued the employer of the injured person alleging the injury was due to the affirmative acts of negligence by the employer in handling the equipment.

■ The distinction here is that the original suit against Halliburton did not charge "technical or constructive fault"; it charged that the defendant was guilty of negligence "with respect to the manufacture, maintenance, upkeep and repair of the said cementing head and its appurtenances." Thus, the general rule of no contribution between tort feasors until after a judgment against both has been paid by one under the Louisiana jurisprudence applies. See Kahn v. Urania Lumber Company, La.App., 103 So.2d 476, of which this Court, in the Busy Electric Company case, said, "Nor do we question at this stage the binding effect of Kahn as the latest and most authoritative expression of the Louisiana Courts under Erie." 294 F.2d 139, 149.

■ We conclude that if the original plaintiff recovers on this complaint against Halliburton Company, the latter would have no cause of action over against Norton under the principle stated in the Appalachian case. Therefore, no third-party complaint is warranted because no matter what proof were tendered in such third party action, the third-party complainant may not be permitted to recover. Under these circumstances a summary judgment dismissing the third-party complaint is proper.

RIVES, Circuit Judge, dissenting.