**HUMBLE OIL & REFINING COMPANY et al., Appellants,**

**v.**

**Chester NAQUIN, Appellee.**

**G & M BOATS, INC., Appellant,[*]**

**v.**

**TIDELANDS MARINE SERVICE, INC., and Plaisance Dragline & Dredging Company, Inc., Appellees.**

**No. 25758.**

United States Court of Appeals
Fifth Circuit.

July 31, 1969.

John Poitevent, New Orleans, La., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., of counsel, for G & M Boats.

A. R. Christovich, Jr., New Orleans, La., Christovich & Kearney, New Orleans, La., of counsel for Tidelands Marine.

Ralph S. Johnson, New Orleans, La., for Humble Oil & Refining Co.

Kent Russell, New Orleans, La., for Naquin.

John R. Peters, Jr., of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Plaisance Dragline & Dredging Co., Inc., appellee.

Before WISDOM and MORGAN, Circuit Judges, and DAVIS,* Judge of the U. S. Court of Claims.

LEWIS R. MORGAN, Circuit Judge:

This is an appeal from a judgment in favor of appellee Chester Naquin in an action for personal injuries sustained by him while loading and unloading a vessel.

Humble Oil and Refining Company, Inc., a producing oil company, had contracted with various contractors, each supplying some needed services to Humble for the drilling of an oil well. Plaisance Dragline & Dredging Company, Inc., was performing the labor and necessary services on the fixed platform with a crane operator. G & M Boats, Inc., was supplying transportation for needed supplies, in the drilling operations, and Tidelands Marine Service, Inc., had supplied a roustabout to ride with the G & M vessel, the M/V EAST HARBOR, to help with the general laboring work that might be needed in loading or unloading the vessel. In the course of these operations, the appellee Naquin, hereinafter referred to as the plaintiff, an employee of Plaisance went down to the EAST HARBOR to work conjointly with Pete Blazio, the Tidelands roustabout. At this time the plaintiff received the injuries complained of here as a load of pipe was being brought onto the vessel from the fixed platform by means of a crane and fall.

The plaintiff brought an action for damages against Humble and Tidelands for negligence on their part, and against G & M Boats for the unseaworthiness of its vessel and for negligence on its own part. Plaisance, as the employer of the plaintiff, had paid compensation benefits to the plaintiff under the provisions of the Longshoremen's and Harbor Workers' Compensation Act.[1] Thus, Plaisance was not subject to direct suit by the plaintiff.

G & M filed a third-party complaint against Tidelands and Plaisance seeking indemnification for breach of the warranty of workmanlike service. There was no contract between Tidelands and G & M nor between Plaisance and G & M.

The case was tried before a jury, and the trial judge submitted to the jury special interrogatories which considered only the issues of unseaworthiness and negligence, but not indemnity. The jury

* Judge Oscar H. Davis, sitting by designation.

1. 33 U.S.C. § 901 et seq.

found the vessel seaworthy, but all the direct defendants—Humble, Tidelands, and G & M—were found negligent.

After the verdict, G & M's counsel conceded that the finding of G & M's negligence precluded indemnity, and the jury was dismissed. The next day counsel for G & M had a change of mind and requested the trial judge to make the necessary factual findings on the issue of indemnity. The trial judge considered this request and then dismissed the third-party complaint.

Humble is contending on appeal that there was no negligence shown on its part at the trial. G & M is asserting on appeal that certain portions of the trial judge's charge to the jury were erroneous and that it should be entitled to indemnity from either Tidelands or Plaisance or both. Tidelands is taking the position on appeal that certain portions of the trial judge's charge to the jury were erroneous and that the trial judge erred in not granting remittitur on the amount of damages awarded to the plaintiff. Tidelands is also an appellee in this appeal on the issue of indemnity, as is Plaisance.

■■ Humble's position with regard to negligence on its part is untenable. Humble's tool pusher, Norman Crosthwait, was, by his own admission, the number one man in charge of the entire loading operations in question. As such, he should have been well aware of the conditions present during the loading and unloading. This Court concludes, therefore, that the jury's finding of negligence on the part of Humble is supported by substantial evidence and should be affirmed on this appeal. Moreover, inasmuch as Crosthwait actively supervised the activities, Humble is answerable for the negligence of Plaisance, G & M Boats, and even Tidelands.

The objections of G & M and Tidelands to the trial judge's charge to the jury are not well taken. After a careful reading of the trial judge's charge, this Court concludes that the charge, taken as a whole, was correct.

■ Tidelands' contention that the trial judge erred in not granting remittitur is without merit. The granting of or the refusing to grant a remittitur is discretionary,[2] and in this case there was no abuse of discretion by the trial judge so as to warrant this Court's not letting the verdict stand.

■ The claim by G & M for indemnity is ill founded and should not be allowed. Indemnity may arise either in contract or in tort; by an express or implied contract to indemnify; or by equitable concepts based on the tort theory of indemnity. General Electric Company v. Cuban American Nickel Company, 396 F.2d 89 (5 Cir., 1968).

In the case at bar G & M had no contractual agreement with either Tidelands or Plaisance; nor can any contractual agreement between these parties be implied from the facts in this case. The contracts that G & M, Tidelands, and Plaisance had entered into were with Humble for services necessary to drill an oil well.

■ Under the tort theory, it is generally recognized that the right of indemnity exists between parties, one of whom is guilty of active or affirmative negligence, while the other's fault is only technical or passive. Tri-State Oil Tool Industries, Inc. v. Delta Marine Drilling Co., 410 F.2d 178 (5 Cir., 1969). However, Naquin charged G & M, along with Humble and Tidelands, with active and affirmative negligence and, thereafter, at the trial upon presentation of evidence the jury returned a verdict finding all the three direct defendants negligent.

■ The conduct charged against G & M by Naquin amounted to more than passive negligence on G & M's part. The jury by its verdict determined there was such negligence. See the case of Halliburton Company v. Norton Drilling Company, 302 F.2d 431 (5 Cir., 1962),

2. Nagle v. Isbrandsten Co., 177 F.2d 163 (2nd Cir., 1949).

reh. den. 313 F.2d 380 (1963), cert. den. 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052 (1963), which is similar factually on the indemnity question. We hold that the District Court, after receiving the verdict of the jury finding G & M negligent, along with the two other joint tortfeasors, properly dismissed the third-party complaint.

The judgment is affirmed.