Richard O. BLACKWELL

v.

WHELESS DRILLING COMPANY.

Civ. A. No. 66-582.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Sept. 27, 1971.

A. R. Christovich, Jr., of Christovich & Kearney, New Orleans, La., for Wheless Drilling Co.

George Matthews, of Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., for Offshore Casing Crews, Inc.

CHRISTENBERRY, District Judge.

This cause came on on a former day for trial by jury. The jury returned a verdict in favor of the plaintiff, Richard O. Blackwell, after which the court set aside its previous order granting summary judgment to third-party defendant, Offshore Casing Crews, Inc., and its insurer, Insurance Company of North America. A second non-jury trial was held to determine the issue of Offshore's and I.N.A.'s liability-over to Wheless Drilling Company. At this trial it was stipulated that the court would make an independent determination regarding the issues of negligence of the parties and unseaworthiness of the vessel.

Now, after due consideration of the evidence adduced at the trial and the briefs the court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1.

On September 7, 1966, Wheless Drilling Company owned and operated a submersible drilling barge designated as Rig 8.

2.

The Rig 8 is a vessel.

3.

Prior to September 7, 1966, Wheless Drilling Company contracted with Texaco to drill a well for the latter company.

4.

Offshore Casing Crews, Inc. also entered into a contract with Texaco. Under the terms of this agreement Offshore was to "run casing" for Texaco, that is, to insert casing or pipe into the completed drill hole.

5.

Offshore Casing Crews, Inc. had no contractual relationship with Wheless Drilling Company.

6.

On September 7, 1966, Richard O. Blackwell was employed by Offshore Casing Crews, Inc.

7.

The area in which the casing was run is composed of two levels, the lower level

is the catwalk and the higher level is the drilling platform. The areas are contiguous and are connected by a nearly perpendicular ramp.

### 8.

The left side of the ramp (from a position on the catwalk facing the ramp) did not meet the floor of the catwalk.

### 9.

Casing is moved from the catwalk, where it is stored, to the ramp by means of a line attached to an air hoist.

### 10.

When a length of casing has been positioned so that it leans on the ramp with one end resting on the catwalk and the other end extending above the top of the ramp and the floor of the drilling platform, the air-hoist line is replaced by the pick-up line which then completes the procedure of bringing the casing into position so that it can be lowered into the drill hole.

### 11.

Each length of casing has threads on one end and a collar on the other, so that one length can be screwed into another to form a continuous pipe when placed within the drill hole.

### 12.

To protect the threads while the casing is in transport they are covered with thread protectors which screw on to the casing and thereby cover the threads.

### 13.

The thread protector has a larger diameter than the casing and it is the thread protector end which rests on the catwalk when the air-hoist line is replaced by the pick-up line.

### 14.

The pick-up line is attached to the casing by means of a traveling hook, which consists of an eye on the end of the line and a hook which runs up and down the line making a loop which tightens on the casing.

### 15.

On September 7, 1966, a length of casing weighing approximately 300 pounds fell and struck Richard O. Blackwell, causing severe injury to his leg. As a result of this injury Offshore Casing Crews, Inc., and its insurer, Insurance Company of North America, paid Longshoremen's and Harbor Workers' Compensation benefits to Richard O. Blackwell.

### 16.

At the time of the accident the casing was being hoisted by the pick-up line from a position resting against the ramp.

### 17.

The thread protector on the casing caught on the bottom of the ramp where the ramp and catwalk did not meet.

### 18.

When the thread protector caught, the tension on the pick-up line increased. Suddenly the thread protector tore free of the obstruction projecting the casing upward. As it did so, the tension on the pick-up line was released, causing the traveling hook noose to slip off of the casing. The casing then fell and struck the plaintiff as he ran from his appointed position on the drilling platform in an effort to avoid it.

### 19.

The proximate cause of Richard O. Blackwell's injury was the unseaworthiness of Rig 8 in that the condition of the ramp and catwalk where they failed to meet rendered them unfit for their intended purpose and were not, therefore, reasonably safe for the work to be performed.

### 20.

The unseaworthiness of the vessel was caused neither by any action on the part of Offshore Casing Crews, Inc.,

nor by any equipment brought aboard by it. In particular, the braided wire pick-up line supplied by Offshore was adequate for its intended use and did not have a causal connection with the accident.

### 21.

Offshore Casing Crews, Inc. is chargeable with no fault and with no negligence, active or passive. Testimony indicating that the pick-up line was operating at an unsafe rate of speed is unconvincing.

### 22.

Offshore Casing Crews, Inc. and its insurer, Insurance Company of North America, are not liable-over to Wheless Drilling Company for amounts payable by the latter to Richard O. Blackwell.

## CONCLUSIONS OF LAW

### 1.

This court has jurisdiction over this action by virtue of the diversity of citizenship of the parties, 28 U.S.C. § 1332, and the general maritime law.

### 2.

A vessel owner has the absolute duty to provide a vessel that is seaworthy, that is, to provide a vessel and appurtenances that are reasonably fit for their intended use. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960).

### 3.

The duty to provide a seaworthy vessel and appurtenances is non-delegable. Mahnich v. Southern S. S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944).

### 4.

The shipowner is liable for injury to seamen *pro hac vice* proximately caused by the unseaworthiness of the vessel or its appurtenances. Sieracki v. Seas Shipping Co., 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); Cox v. Esso Shipping Co., 247 F.2d 629 (5th Cir. 1957).

### 5.

Whether or not there is a contractual relationship between a shipowner and another party, there exists an implied warranty that the latter will perform services aboard the vessel in a workmanlike manner. When that warranty is breached the shipowner has a right to be indemnified for damages it has been caused to pay as a result of the breach. Ryan Stevedoring Co. v. Pan Atlantic S.S. Co., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1965); Whisenant v. Brewster-Bartle Offshore Co., 446 F.2d 394 (5th Cir. 1971) (petition for rehearing pending).

### 6.

Absent a contractual relationship upon which to base a right of indemnification, a vessel owner may also be entitled to indemnification on a tort basis. Tri-State Oil Tool Industries, Inc. v. Delta Marine Drilling Co., 410 F.2d 178 (5th Cir. 1969).

### 7.

However there can be no indemnification on a tort basis from an employer liable for the payment of Longshoremen's and Harbor Workers' Compensation benefits because section 905 of the Act provides that such liability is exclusive. Halliburton Co. v. Norton Drilling Co., 302 F.2d 431 (5th Cir. 1962); Smith Petroleum Service, Inc. v. Monsanto Chemical Co., 420 F.2d 1103 (5th Cir. 1970); 33 U.S.C. § 905 (1964).

### 8.

Both the *Ryan* theory and the tort theory, the latter of which does not apply in this case, require some fault on the part of the service contractor in order for the vessel owner to recover-over from him. A service contractor is not an insurer of any and all accidents which may result in injury while his employees are performing services aboard

the vessel. Nor is mere failure to inspect and discover damaged or faulty equipment a sufficient ground upon which to base liability for indemnification when the contractor has not been put on notice of the condition. Scott v. SS Ciudad De Ibague, 426 F.2d 1105 (5th Cir. 1970); Delaneuville v. Simonsen, 437 F.2d 597 (5th Cir. 1971); Cia Maritima Del Nervion v. James J. Flanagan Ship Corp., 308 F.2d 120 (5th Cir. 1962).

Now, therefore, after considering the facts of the case and the law applicable thereto, as enunciated above, judgment will be entered in favor of third-party defendants Offshore Casing Crews, Inc. and Insurance Company of North America, and against third-party plaintiff Wheless Drilling Co., Inc.