**Thomas A. SANTOY, Jr.**

v.

**SHELL OIL COMPANY et al.**

**Civ. A. No. 73-3315.**

United States District Court,
E. D. Louisiana.

Oct. 10, 1974.

James D. McGovern, Jr., Calvin H. McBride, New Orleans, La., for plaintiff.

Fred E. Salley, New Orleans, La., for Shell Oil Co.

William E. Wright, New Orleans, La., for third-party plaintiff.

Robert B. Deane, New Orleans, La., for Coastal Offshore, Inc.

James G. Burke, Jr., New Orleans, La., for Coastal Carriers, Inc.

Rudolph R. Schoemann, New Orleans, La., for North-West Ins. Co.

Abraham Gerber, New Orleans, La., for intervenor, North-West Ins. Co.

Malcolm W. Monroe, New Orleans, La., for Greenwood Ins. Agency.

ALVIN B. RUBIN, District Judge:

The issue of contractual indemnity having been disposed of in the decision of August 28, 1974, there are two possible bases for Steamship Mutual's claim against North-West—contribution and delictual indemnity. Both claims are barred by the exclusive remedy provisions of the Longshoremen's and Harborworkers' Act, 33 U.S.C. § 905.

In Cooper Stevedoring Co. v. Fritz Kopke, 1974, 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694, the Supreme Court held that contribution may be awarded between joint tort-feasors in a non-collision maritime case. In reaching this result, the Court distinguished its prior decisions in Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 1952, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318, and Atlantic Coast Line R. Co. v. Erie Lackawanna R. Co., 1972, 406 U.S. 340, 92 S.Ct. 1550, 32 L.Ed.2d 110. In both of those cases, contribution was sought against a party that was liable under the Longshoremen's Act, and the difference in result in Kopke was justified on the basis that the party from whom contribution was sought was not protected by the exclusive liability provisions of § 906. In conclusion, the Court said "Atlantic proves only that our decision in Halcyon was, and still is, good law on its facts." 94 S.Ct. 2179. Section 905 therefore protects Harmon and North-West from a claim for contribution.

There is more substance to the claim for noncontractual indemnity à la Tri-State Oil Tool Industries v. Delta Marine Drilling Co., 5th Cir. 1969, 410 F.2d 178, for there is some authority requiring an employer to indemnify third persons despite the apparent protection of § 905. Humble Oil & Refining v. Naquin, 5th Cir. 1969, 414 F.2d 912; Grigsby v. Coastal Marine Services of Texas, 5th Cir. 1969, 412 F.2d 1011; Loffland Bros. Co. v. Roberts, 5th Cir. 1967, 386 F.2d 540; Hopson v. M/V Karl Grammerstorf, E.D.La.1971, 330 F.Supp. 1260. None of these cases, however deal with the shield that § 905 offers against a delictual indemnity claim. In none of them is there mention of the Longshoremen's Act or its exclusive liability provision, and in each of them there is another basis for the decision. (In Hopson, the court found that the employer was bound to indemnify the shipowner on the Ryan theory of contractual indemnity; in Naquin, Grigsby, and Loffland the indemnitee was found to have been "actively" negligent and not therefore entitled to indemnity). When presented with the question whether § 905 barred a claim for delictual indemnity in cases in which the resolution of that question controlled the disposition of the case, the Fifth Circuit has found the exclusive liability provision to be a bar to a claim for indemnity. Aetna Casualty & Surety Co. v. Service Contracting, 5th Cir. 1973, 490 F.2d 299; Ocean Drilling & Exploration Co., 5th Cir. 1967, 377 F.2d 511. See also Smith Petroleum Service v. Monsanto Chemical Co., 5th Cir. 1970, 420 F.2d 1103; Halliburton Co. v. Norton Drilling Co., 5th Cir. 1962, 302 F.2d 431; Blackwell v. Wheless Drilling Co., E.D.La.1971, 333 F.Supp. 839 (in dicta, § 905 bars a delictual indemnity claim).

For these reasons the claims for indemnity and contribution by Steamship Mutual against Harman and North-West are dismissed. The claims for Ryan-indemnity survive against Harmon.